NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES BENJAMIN BARSTAD,

Plaintiff-Appellant,

v.

STATE OF WASHINGTON, sued jointly
and severally, in personal/private/
"Individual" and official/public/de
facto/"Person"al capacities; JEFFEREY
UTTECHT, sued jointly and severally, in
personal/private/"Individual" and
official/public/de facto/"Person"al capacities;
JAY INSLEE, sued jointly and severally, in
personal/private/"Individual" and
official/public/de facto/"Person"al capacities,

Defendants-Appellees.

No. 22-35867

D.C. No. 4:21-cv-05105-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted March 26, 2024**

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Washington state prisoner James Benjamin Barstad appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants failed to protect him from COVID-19. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Barstad's claims against the State of Washington and defendants Uttecht and Inslee in their official capacities because these defendants are not "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *see also Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (state defendant's removal of action did not alter the conclusion that the action failed to present a valid federal claim because "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted").

The district court properly granted summary judgment on Barstad's claims against defendants Uttecht and Inslee in their individual capacities because Barstad failed to raise a genuine dispute of material fact as to whether these defendants were personally involved in any alleged constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is

a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Barstad's motion for a further extension of time to serve a second set of interrogatories because Barstad did not show that he diligently pursued discovery opportunities or that allowing additional discovery would have precluded summary judgment. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006) (setting forth standard of review and explaining requirements to show an abuse of discretion in this context).

The district court did not abuse its discretion by denying Barstad's motion seeking leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

The district court did not abuse its discretion by denying Barstad's motion for reconsideration because Barstad failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e)).

Barstad's challenge to the district court's denial of his motion for

22-35867

preliminary injunctive relief is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary injunction would have no practical consequences, and the issue is therefore moot).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Barstad's motion to appoint counsel (Docket Entry No. 22) is denied.

**AFFIRMED.**